875 F.2d 868
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donald L. TURNER, Plaintiff-Appellant,
v.
Richard P. SEITER, William H. Dallman, B. Torbert,
Defendants-Appellees.
 No. 87-3291.
 United States Court of Appeals, Sixth Circuit.
 May 18, 1989.
 
 1
 Before MERRITT and KRUPANSKY, Circuit Judges, and DOUGLAS W. HILLMAN, Chief District Judge.*
 
 ORDER
 
 2
 This pro se Ohio prisoner appeals the district court's judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and the briefs, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Donald Turner alleged that defendants violated his first, eighth and fourteenth amendment rights by spraying him with mace and by transferring him to another Ohio prison facility in retaliation for his attempt to file a federal civil complaint. The mace assault allegedly occurred on July 19, 1984. The allegedly retaliatory transfer occurred on August 22, 1984. Turner requested damages of one hundred thousand dollars.
 
 
 4
 Defendants asserted that the complaint, filed March 10, 1986, was barred by a applicable one-year statute of limitations. The matter was referred to a magistrate who recommended dismissal. Upon de novo review in light of plaintiff's objections, the district court adopted the magistrate's report and dismissed the case.
 
 
 5
 Upon review we conclude that Turner's claims are not barred by the statute of limitations. The Supreme Court recently ruled that the appropriate statute of limitations is a state's general or residual limitations statute. Okure v. Owens, 109 S.Ct. 573, 582 (1989). Following Okure, this court has determined that claims filed under 42 U.S.C. Sec. 1983 in federal district courts in Ohio are subject to a two-year limitations period. Browning v. Pendleton, No. 86-4123 (6th Cir. Mar. 16, 1989). Because Turner filed his complaint within two years of the alleged assault and retaliatory transfer, the complaint was timely.
 
 
 6
 Accordingly, the district court's judgment is hereby vacated and the matter is remanded to the district court for further proceedings. Rule 9(b)(6), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Douglas W. Hillman, Chief U.S. District Judge for the Western District of Michigan, sitting by designation